OPINION OF THE COURT
Bernard M. Bloom, S.
Incidental to the executrix’ final account, the court is required to determine the distribution of certain moneys on deposit in the escrow account of a deceased attorney.
The following facts have been stipulated:
(1) Decedent on behalf of six independent clients settled their negligence claims.
(2) The first three of these settlements were deposited into decedent’s escrow account between May, 1977 and May, 1978. The amounts due these three clients totaled $8,750.15.
(3) Subsequent to each of these deposits, decedent withdrew moneys belonging to them from the escrow account.
(4) Upon each withdrawal the balance in the account fell below the amount previously deposited and due the particular client.
(5) All of these withdrawals by decedent were made prior to deposit in the account of the proceeds of the settlements of the last three negligence claims.
*518 (6) The proceeds of the last three settlements were deposited in the escrow account between December, 1978 and August, 1979.
(7) The moneys representing these last three settlements, $10,588,33 were present in the escrow account at decedent’s death and remain intact at the present time.
These settlements are directly traceable to funds in the escrow account.
(8) The amount on deposit in the escrow account at the date of death was $10,690.03.
(9) None of the six claimants has ever received any of the funds escrowed on their behalf.
(10) No personal funds of decedent were ever commingled with the moneys in the escrow account.
The issue is whether the last three claimants, by virtue of the fact that their settlements are directly traceable to moneys in the escrow account, should receive full payment of their claims prior to the receipt of any payment to the three earlier claimants, or whether all six claimants should share equally in such moneys.
In order to follow escrowed or trust funds and subject them to the operation of the trust, they must be identified (Matter of Cavin v Gleason, 105 NY 256, 262). The interest of a claimant to escrowed funds ceases when such trust fund is wasted or destroyed. The nature of the claim is of no importance, for as soon as it becomes impossible to trace the funds, at that moment a claimant to those funds assumes the position of common creditor (Matter of Cantor, 31 App Div 19).
That is the situation in the case under consideration. The funds deposited for the earlier claimants were partially dissipated by decedent and can no longer be traced to any particular funds in the account. These claimants have become common creditors. However, the funds due the last three claimants remain in the escrow account intact and are directly traceable in the escrow account. Those claimants are entitled to full payment before any payments can be made to other claimants. As stated in Matter of Hackett (46 NYS2d 415, 417): “The Courts can not sanction a rule that an entirely or a partly dissipated fund which had *519 contained various trust moneys, can be restored by the depositing of trust funds of other parties. It would be like sanctioning the robbing of Peter to pay Paul.” Matter of Spinelli (86 Misc 2d 1039), which seems to support the position of the earlier claimants, is, in fact, inapposite. That case directed a “first in, first out” distribution in a right of election case involving Totten trust bank accounts. Spinelli, however, was concerned with a construction of EPTL 5-1.1 and the intent of the Legislature in establishing a right of election against post-1966 transfers.
Since full payment to the last three claimants will result in only a small balance of the escrowed moneys, such balance shall be distributed proportionately among the three earlier claimants (Restatement, Trusts 2d, § 202, Comment n).
The compensation of the attorney for the estate payable out of the nonescrowed funds in the estate account is fixed and allowed in the requested amount. (Matter of Sielcken, 176 Misc 799, affd 263 App Div 866, lv to app den 288 NY 739.)