OPINION OF THE COURT
Duane A. Hart, J.
This order to show cause arose out of the death of Walter G. Hynes. Mr. Hynes was a captain in the New York City Fire Department as well as an attorney licensed to practice law in New York. He died on duty at the World Trade Center on September 11, 2001.
When he was not on duty with the Fire Department, Captain Hynes practiced law part time out of his home. His practice was limited to real estate transactions. In addition, he occasionally worked “per diem” for Robert H. Kane, an attorney licensed to practice law in New York, and a close friend.
As part of his practice, Captain Hynes maintained an escrow account (IOLA) with Citibank, N.A. (account No. 91446824). *807 When he died, the balance in the account was $54,537.65. He was the only signatory.
Before he died, Captain Hynes had become the escrowee in four real estate transactions in which he represented the sellers. The down payments totaling $52,400 are as follows:
(a) Brooks to Allhusen: Captain Hynes represented the sellers (Brooks) and, as their attorney, received a $7,500 down payment which he placed in the escrow account. The transaction was closed on September 23, 2001, but the contract deposit remains in the escrow account.
(b) Boyle to Vouderis: Here, the purchaser’s down payment was $13,600. There was a closing on November 15, 2001 but the down payment is still in the account. (In this instance, the sellers requested that the case be referred to another attorney, which was done.)
(c) McNulty to Gerges: The down payment was $20,000. This contract was canceled and the down payment returned to the purchasers by a personal check from one of the sellers. The amount remains in the account.
(d) Snow to Moon: The contract deposit of $11,300 was placed in the escrow account and is still in the account although there was a closing on October 9, 2001.
After his death, Captain Hynes’ widow, Veronica A. Hynes, was appointed the administrator of his estate. In that capacity, she has moved through Robert H. Kane, Esq. and his law partner, Thomas E. Lee, to have this court direct Citibank to add both Mr. Kane and Mr. Lee as signatories to Captain Hynes’ escrow account so that the down payments may be paid out to the rightful parties.
There was no opposition to the motion.
When an attorney, who is the sole signatory in an escrow account, dies, a motion may be made in Supreme Court for an order “designating” an attorney in good standing and admitted to practice in New York as “a successor signatory” for the account. (See Code of Professional Responsibility DR 9-102 [g] [22 NYCRR 1200.46 (g)].) The section also spells out where the action must be brought and who can bring the action including the “legal representative of the deceased lawyer” and “a lawyer who was affiliated with the deceased lawyer.” (See Code of Professional Responsibility Í)R 9-102 [g] [22 NYCRR 1200.46 (g)].)
Here, the action is being brought by Captain Hynes’ widow, who is the administrator of his estate. Further, she is being *808 represented by a least one attorney, Robert H. Kane, who was affiliated with Captain Hynes and, in addition, both Mr. Kane and Mr. Lee are in good standing. Thus, the statutory requirements have been met. Further, there is no dispute as to the source of the funds which are directly traceable to the down payments that were made in these real estate transactions. (See, Matter of Reece, 122 Misc 2d 517.)
Under the circumstances here, the motion directing Citibank to allow both attorneys, Robert H. Kane and Thomas E. Lee, to be signatories to Captain Hynes’ escrow account is granted.